COMMONWEALTH *vs.* NATHAN COHEN.

Suffolk.   November 13, 1924. — January 19, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Veal.   Food.   Words,* "When dressed," "Entrails."

The words, "when dressed," in § 138 of G. L. c. 94, which among other things prohibits the sale, offer, or exposure for sale or delivery for use as food "of any calf weighing less than forty pounds when dressed, with head, feet, hide and entrails removed," designate as the time of weighing the time when the calf is dressed.

The word, "entrails," as used in the section of the statute above referred to, means "intestines," and does not include the heart, liver, lungs or windpipe, commonly called the "pluck," nor the sweetbread.

Since the stamp of the health inspector is not required to show that the sale, offer or exposure for sale, or delivery for use as food of certain slaughtered carcasses was not a violation of the provisions of G. L. c. 94, § 138, it is proper, at the trial of a complaint for violation of that section of the statute, to refuse to admit in evidence in defence the fact that, at the time the calves which were the subject of the complaint were dressed, an inspector then present stamped them "Inspected and Passed" as "healthy calves."

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston on April 29, 1920, charging the defendant with a violation of St. 1908, c. 329, § 1.

On appeal to the Superior Court, there was a trial before *Cox*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

"1. On all the evidence the defendant is not guilty.

"2. If the jury find that the calves when dressed at Woburn were weighed by the duly appointed and qualified inspector of the board of health of Woburn and each of said calves with head, feet, hide and entrails removed weighed more than forty pounds at that time, and said inspector stamped each carcass as required by law, the said calves were fit for human food.

"3. If the jury find that the calves when dressed with the head, feet, hide and entrails removed weighed more than

forty pounds when weighed, inspected and passed by the inspector of the board of health of Woburn, and if, in the further process of dressing each calf, the pluck, sweetbread, shins and tail were removed and each calf shrunk in weight between the time of slaughter and the time of seizure, the inspector at Woburn is not ousted from his jurisdiction to determine the fitness of each calf as to its weight, by any subsequent acts of the inspectors of the city of Boston, and the defendant has a right to rely upon the inspection at Woburn, and therefore the delivery by the defendant was justified and the defendant must be acquitted.

"4. If the calves in question weighed forty pounds, or more, when dressed, with head, feet, hide and entrails removed and at the time of seizure two days later weighed less than forty pounds because other parts of each carcass not enumerated in the statute had been removed and because of the natural shrinkage, the weight required by the statute is the weight at the time of slaughter, and not the weight at the time of delivery.

"5. The clause in the statute, 'when dressed, with head, feet, hide and entrails removed,' refers to and means at the time of the conclusion of the act of dressing and not at the time of sale or delivery.

"6. The word 'entrails' as used in the statute (St. 1908, c. 329,) means the intestinal canal running from the stomach to the anus."

The judge ruled "that the words 'when dressed' as used in the statute do not mean when the calf is slaughtered or immediately after, but mean at the time of the subsequent sale or delivery; that the defendant cannot rely upon the stamping and inspection of the duly authorized meat inspector at the place of slaughter as to the sufficiency of the weight of each calf and that the word 'entrails' as used in the statute means and includes the windpipe, heart, lungs, liver, stomach, bowels and sweetbread, and was not limited to the guts, bowels or intestines."

A motion that a verdict of not guilty be ordered was denied and the defendant was found guilty. The judge reported the case for determination by this court.

The case was submitted on briefs.

*H. F. Wood*, for the defendant.

*M. Caro*, Assistant District Attorney, for the Commonwealth.

WAIT, J. The defendant delivered to the Swift Beef Company at Boston, on April 2, 1920, the carcasses of fifteen calves each dressed and without the head, feet, hide and entrails, then weighing less than forty pounds. Complaint was made that he thereby had violated St. 1908, c. 329, § 1 (now G. L. c. 94, §138). He was convicted in the Municipal Court of the City of Boston, and, on appeal, a jury in the Superior Court returned a verdict of " guilty." The case is before us upon a report from the judge under G. L. c. 278, § 30, which presents for our determination the meaning to be given the words " when dressed " and " entrails " as used in the statute, and the effect of a certification by a duly authorized agent of the local board of health present at the slaughter and dressing of the carcasses with regard to the weight. The judge, against the defendant's exception, instructed the jury that the words " when dressed " mean at the time of the sale or delivery, not at the time of slaughter; that " entrails " includes " the windpipe, heart, lungs, liver, stomach, bowels and sweetbread"; and that the defendant could not rely upon the stamping and inspection of the duly authorized inspector at the place of slaughter as to the sufficiency of the weight of each calf.

There was evidence that a duly authorized inspector from the Woburn board of health was present when the defendant, on March 31, 1920, at Woburn, slaughtered and dressed one hundred and twenty-six calves, removing the head, hide, feet and intestines from each carcass, but leaving the " pluck," i.e., the heart, liver, lungs and windpipe, with the shins, sweetbread and tail in the carcass. The carcasses were weighed separately before the inspector stamped each carcass with his official stamp " Inspected and Passed, Woburn, Massachusetts " as "healthy calves." At that time, and with the contents above described, each carcass weighed forty pounds or over. The jury would have been warranted

in finding that a pluck from such calves would weigh from three to four pounds, the shins together about two pounds, a tail one pound, and a sweetbread half a pound; and that calves which weighed about forty pounds immediately after slaughter would shrink from one to five pounds within twenty-four hours when exposed to air without refrigeration, due to natural evaporation. The amount of shrinkage depends on the condition of the carcass, the atmospheric conditions to which it is exposed, the manner in which it is handled, and the lapse of time after slaughter. Evaporation is hastened by exposure to dry air, and by jouncing and handling. A dressed calf contains about seventy-five per cent water. The jury would have been warranted in finding, in addition to the above, that had the pluck, shins, sweetbread and tail (which in fact had then been removed from the carcasses) been in them or been weighed with them, making due allowance for shrinkage, each would have weighed at Boston forty pounds or more. When weighed at Boston, and without the pluck, shins, sweetbread and tail, one carcass weighed thirty-one pounds; two, thirty-two pounds; two, thirty-three pounds; five, thirty-four pounds; and five, thirty-five pounds. The one hundred and twenty-six carcasses had hung in an open slaughter-house without refrigeration, drying but not freezing, from March 31 to the morning of April 2, when the pluck, shins, sweetbread and tail had been removed and they had been loaded in two tiers upon a motor truck and taken to Boston. There they were again weighed and the fifteen found to weigh less than forty pounds were seized and condemned " as being under weight." They were intended to be used as food.

Statute 1908, c. 329, § 1, reads as follows: " The sale, offer or exposure for sale, or delivery for use as food, of the carcass, or any part or product thereof, of any animal which has come to its death in any manner or by any means otherwise than by slaughter or killing while in a healthy condition, or which at the time of its death is unfit by reason of disease, exhaustion, abuse, neglect or otherwise for use as food, or of any calf weighing less than forty pounds when dressed,

with head, feet, hide and entrails removed, is hereby declared to be unlawful and prohibited." The remainder of the section relates only to the penalty for violation.

The moment of the death is obviously the point of time which the legislators considered of importance in the case of the animals other than calves with which the statute deals. It is natural therefore to assume that the same time was in their minds in dealing with calves; and that in inserting the words " when dressed " in the statute they were fixing a time, rather than stating a condition. " When " has many meanings, see 40 Cyc. 920. Here it means " at the time it is." Unless it is given such meaning, it has no significance; the statute would be fully as explicit if it were omitted. Every word in a statute is to be given effect if possible. In its proper meaning, the phrase, " when dressed," indicates a time, and the most appropriate time for fixing the weight. At the time of slaughter and dressing, a public official, charged with the duty of seeing that the laws are being observed, is required to be present, G. L. c. 94, § 125. The evidence in this case shows that the weight of the carcass changes with the lapse of time and the conditions surrounding it. The legislators may well have seen fit to make certain the moment at which liability should attach, and to select the moment when an unprejudiced public official was at hand to safeguard both the individual and the public.

The word " entrails " has more than one meaning. In the only other instance in which the word is used in G. L. c. 94, it clearly means the intestines. Section 153 provides: " Whoever knowingly sells or exposes for sale dead poultry, before it has been properly dressed by the removal of the crop and entrails if they contain food . . . ." The word is not used in G. L. c. 94, § 142, Fourth, where sausage meat is declared adulterated " If it contains, except as casing, the organs of the thoracic and abdominal cavities or any part thereof, except hearts, tripe and liver," and where "entrails" might well have been used had all those organs been considered to be entrails. In ordinary and common use the word generally connotes the intestines, the waste parts of a carcass; and not the organs which, though within the cavities

of the body, are ordinarily used for food and are commonly referred to by their names. The statute provides for the removal of " head, feet, hide and entrails." The head is always dealt with separately, although used for food. We do not think of calves' brains as entrails, though they come within one possible definition: "The internal parts of animal bodies." The hide and feet are put to other uses. The intestines are removed almost as a necessity if the meat is to be kept sound. These are the parts of the carcass which the legislators would naturally separate from it in determining the weight. " Entrails " as here used has this common meaning of " intestines " ; and does not include the pluck and sweetbread.

It was undoubtedly the duty of the inspector present when the calves were dressed to observe and make sure that all the provisions of law applicable to their slaughter and preparation for use as food were complied with. G. L. c. 94, §§ 121, 122, 124, 125, 126, 130, 133, 135. (For convenience we cite the General Laws rather than the many statutes reënacted in its sections.) The inspector's stamp, however, G. L. c. 94, §§ 127, 130, certifies compliance with certain provisions of law — those now embodied in §§ 118, 119, 125, and 126 — but not with St. 1908, c. 329, § 1, now § 138.

The judge was right, therefore, in ruling, and instructing the jury that the defendant could not rely on the stamp to establish the sufficiency of the weight of the calves; and in admitting the testimony in regard to the weight at a period subsequent to the inspection at the time of dressing.

There was error in refusing the defendant's fourth, fifth and sixth requests, and in the instructions in regard to the meaning of " when dressed " and of " entrails " as used in the statute. The defendant was entitled to a ruling that if the jury believed the testimony of the inspector at Woburn in regard to the weight of the carcasses, he should be found not guilty.

The verdict of guilty is to be set aside and further proceedings are to be had in the Superior Court in accord herewith.

*So ordered.*